## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01690-MSK-MEH

ZACHARY STARKS,

     Plaintiff,

v.

GLOBAL CREDIT COLLECTION CORPORATION, a Delaware corporation,

     Defendant.

---

## ORDER ON MOTION FOR ATTORNEY'S FEES

---

In this Fair Debt Collection Practices Act ("FDCPA") action, Plaintiff accepted an offer of judgment pursuant to Fed. R. Civ. P. 68 in the amount of $1,100.00 plus costs and reasonable attorney's fees. Plaintiff has now moved [docket #21] for the Court to determine reasonable attorney's fees in the amount of $8,073.00 plus post-judgment interest. The motion has been referred to me and I make the following order.

First, Defendant objects to Plaintiff's counsel's submission of additional time entries that were not included in Plaintiff's original request. Plaintiff's counsel represents that these entries, totaling 1.0 hours, were inadvertently omitted from the original time log. I accept this explanation and will not reduce the request on this basis. Defendant also notes a duplicate 0.1 hour entry, which Plaintiff does not dispute. This results in a reduction of $25.

Second, Defendant contends that Plaintiff's counsel should not be permitted to recover his $250.00 hourly rate for ministerial tasks (*e.g.*, "download and listen to recordings"; "convert[] Voicemails to mp3 file and transcribed recordings"; "electronically file proposed Scheduling Order";

"electronically file Notice of Acceptance of R68 and R68 with Court"; "electronically file Proposed

Bill of Costs and Stipulation As to Bill of Costs with Court"). These tasks total 3.4 hours. I agree

with Defendant.    Although Plaintiff's counsel notes prior bad experiences with contract

transcription, I believe that a competent paralegal who is trained to listen to tapes could accomplish

the goal at $100 per hour.  Therefore, I will permit $100 per hour for these tasks, resulting in a

reduction of $510.00 ($850 requested, $340 allowed).

Third, Defendant objects to 4.5 hours labor on a motion for summary judgment that was not

filed.  Plaintiff's counsel argues that he was working on the motion for summary judgment and

stopped once the offer of judgment was received, and that it would have been filed had the

Defendant not submitted the Rule 68 offer of judgment while the motion was being drafted.  I find

merit in Defendant's position.  This could be a potentially necessary task eventually, but on the other

hand, it would behoove Plaintiff's counsel not to incur excessive fees early in these FDCPA cases

(absent pressing deadlines, which I do not believe is the case here, as the dispositive motion deadline

is set in March 2011).  I have reviewed the approximately 100 cases filed by Plaintiff's counsel in

the first four months of 2010.  In not a single case was a motion for summary judgment filed, so it

does not appear to be a necessary tactic to help obtain a favorable settlement.  Indeed, the majority

of these cases settled in the first 45 days after filing, while the overwhelming majority settled in the

first 90 days.  I believe justice requires reduction of the fee request by these 4.5 hours, or $1,125.00.

Plaintiff requested $8,073.00, inclusive of statutory costs and fees.  I have reduced the

request by $1,660.00.  Therefore, I find that Plaintiff's counsel should be awarded $6,413.00.

Accordingly, Plaintiff's Motion for Attorneys Fees [filed November 1, 2010; docket #21]

is **granted in part and denied in part**.  Plaintiff is awarded attorney's fees in the amount of

$6,413.00 against Defendant in this case.

Dated at Denver, Colorado, this 20th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge